86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo Alberto ARTOLA-MEDAL; Thesalia Esperanza
Madriz-Chavarria, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70006.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1996.*
Decided May 31, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ricardo Alberto Artola-Medal (Artola) and his wife, Thesalia Esperanza Madriz-Chavarria (Madriz), are before this court on a petition for review of the Board of Immigration Appeals' (BIA's) denial of their requests for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 ANALYSIS
 A. Denial of Asylum
 
 4
 The BIA's holding and findings that the actions of the government were lawful prosecution rather than persecution are supported by reasonable and substantial evidence in the record. We must therefore uphold the BIA's decision to deny asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); see also Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (It is not enough for an alien to establish that he faces a possibility of prosecution for an act deemed criminal in his country, which is made applicable to all people in that country.).
 
 
 5
 Artola admits that his actions in tearing down the banners was a destruction of government property and that this violated the law. Thus, although his actions may have been a form of political expression, they were also unlawful.
 
 
 6
 Artola also admits that the subsequent summons were issued because he tore down the banners. The summons, which were issued over approximately a nine-month period, requested that Artola voluntarily appear or be fined. These summons are consistent with an offense of defacement of government property and do not constitute a basis for finding that Artola was being sought out because of his alleged "expression of political opinion."
 
 
 7
 The arrest and search warrant that was issued after Artola failed to voluntarily appear is also consistent with the offense of defacement of government property. Artola admits that this warrant was issued because he failed to appear in response to the previous summons. The charge of "conspiracy" in the warrant is reasonable because, as Artola admits, he was involved in the destruction of government property along with his wife and his brother.
 
 
 8
 The BIA's finding of lawful prosecution rather than persecution is further supported by the fact that Artola was never physically sought out following the defacement, that his brother and father continue to live in the country without any further difficulties, and that Artola was able to leave the country with absolutely no difficulties under a passport bearing his name and his picture.
 
 
 9
 The alleged interrogation and beating of Artola's brother cannot on its own form a basis for finding persecution based on political opinion. The brother was arrested after he broke the law by defacing government property. Although the alleged conduct by the police in detaining the brother is unacceptable by United States standards, it does not necessarily show persecution based on political opinion. The brother has not had any further problem with the government and continues to reside in Nicaragua. This negates any claim that the arrest was based on persecution rather than lawful prosecution.
 
 
 10
 Although Artola does claim that the family's house was burned down shortly before the deportation hearing, Artola admits that there has been no finding as to what caused the house to burn down. Thus, there is no evidence that the house burning was in any way related to persecution based on political opinions.
 
 
 11
 Because Artola has failed to show that the evidence he presented was so compelling that no reasonable factfinder could fail to find a well-founded fear of persecution, we must uphold the BIA's decision to deny asylum. See Elias-Zacarias, 502 U.S. at 483-84.
 
 B. Withholding of Deportation
 
 12
 Because Artola has failed to meet the "well-founded fear" standard of section 208 for asylum, he necessarily fails to show a "clear probability" of persecution under section 243(h). See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) ("A 'clear probability' means that the applicant will more likely than not be persecuted if deported. This is more stringent than the 'well-founded fear' standard required by section 208.") We therefore uphold the BIA's refusal to withhold deportation.
 
 C. Administrative Notice
 
 13
 It was Artola's counsel who first raised the issue of changed conditions in Nicaragua as a result of the then recent elections. Artola's counsel solicited testimony at the hearing regarding the changed conditions. In addition, Artola submitted articles to the BIA regarding the change in government and the effect the change has had in Nicaragua. Thus, not only did Artola have notice that the BIA would take administrative notice of the change in government, but Artola is the one who first raised the issue. Artola had the opportunity to, and did, present rebuttal evidence in an attempt to show that despite the change of government, he continued to have a well-founded fear of persecution. The requirements of Castillo-Villagra v. INS, 972 F.2d 1017, 1021 (9th Cir.1992), have therefore been met.
 
 
 14
 The BIA did not abuse its discretion when it determined the change in government had no effect on whether Artola qualified for asylum or withholding of deportation. Furthermore, even if no change in the Sandinista's power has occurred, Artola has still failed to establish grounds for asylum or withholding of deportation.
 
 CONCLUSION
 
 15
 The petition for review of the BIA's decision is DENIED. Artola and Madriz are permitted to depart from the United States voluntarily within 30 days from the date the mandate is issued. If they fail to do so, they shall be deported as provided in the Immigration Judge's order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3